IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAFAEL ORTIZ-GARCIA,  
RAMIRO MARTINEZ-LOPEZ,  
ERNESTO MARTINEZ-RAMIREZ  
and EUTIMIO ORTIZ-GARCIA,

    Plaintiffs,

  v.

PRAKOPIY CAM,

    Defendant.

Civ. No. 6:09-cv-6267-AA

OPINION AND ORDER

AIKEN, Chief Judge:

    Plaintiffs move to confirm an arbitration award and for entry of judgment pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9. Defendant, in turn, moves to vacate the arbitration award on grounds that the arbitrator committed misconduct by refusing to admit pertinent and material evidence and by discharging a translator on the second day of the arbitration proceedings. See 9

1 - OPINION AND ORDER

U.S.C. § 10(a). Plaintiffs' motion is granted, and defendant's motion is denied.

## BACKGROUND

Plaintiffs worked as seasonal farm workers on defendant's berry farms located in Oregon. On September 24, 2009, plaintiffs filed suit alleging wage and hour and violations under the Migrant and Seasonal Agricultural Worker Protection Act and the Fair Labor Standards Act.

On October 12, 2012, the parties jointly moved to refer the case to binding arbitration. The parties agreed that the arbitrator "may determine all matters of law and fact outstanding in this matter." See doc. 72 at 1-2.

On October 25 and 26, 2012, the arbitration proceedings took place, and the arbitrator subsequently issued an arbitration award in favor of plaintiffs. See Pettigrew Decl. Ex. B. Plaintiffs now seek to confirm the Amended Arbitration Award, and defendant seeks to vacate it.

## STANDARD

Under the FAA, "[r]eview of an arbitration award is both limited and highly deferential." Comedy Club, Inc. v. Improv West Assoc., 553 F.3d 1277, 1288 (9th Cir. 2009) (quotation marks and citation omitted). "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in this

2 - OPINION AND ORDER

regard." Kyocera Corp. v. Prudential-Bache Trade Serv., Inc., 341 F.3d 987, 994 (9th Cir. 2003). Nonetheless, an arbitration award may be vacated if an arbitrator committed "misconduct" by "refusing" to consider "pertinent and material" evidence. 9 U.S.C. § 10(a)(3); United Paperworkers Int'l Union, AFL-CIO v. Misco, 484 U.S. 29, 40 (1987). Further, vacatur may be warranted where the arbitrator exceeded his or her powers or committed "affirmative misconduct" such that the award is "completely irrational or exhibits a manifest disregard of law." Kyocera Corp., 341 F.3d at 998; see also Biller v. Toyota Motor Corp., 668 F.3d 655, 665 (9th Cir. 2012). The party seeking vacatur has the burden to establish grounds to vacate the arbitration award. U.S. Life Ins. Co. v. Superior Nat'l Ins. Co., 591 F.3d 1167, 1173 (9th Cir. 2010).

## DISCUSSION

Defendant claims that the arbitrator committed misconduct by excluding a defense exhibit, by permitting a translator to be used by plaintiffs, and by dismissing the translator for the second day of the arbitration hearing. Defendant also generally alleges that the proceedings violated his right to a fair and impartial hearing, and that the arbitrator acted in an arbitrary and capricious manner. None of the reasons cited by defendant support vacatur of the final arbitration award.

First, the arbitrator informed defendant of the relevant trial court rules she intended to follow, the Oregon Uniform Trial Court

3 - OPINION AND ORDER

Rules (UTCR). The arbitrator also informed defendant that he would not be allowed to present evidence if he failed to provide an exhibit and witness list to plaintiffs prior to the arbitration proceeding. See Amato Aff. ¶ 3 & Exs. E, F; UTCR 13.170. Defendant failed to provide an exhibit list, and the arbitrator therefore declined to admit a proposed defense exhibit that purportedly reflected a statement by one of the plaintiffs. However, the arbitrator allowed defendant to question the plaintiff regarding this statement, and the arbitrator also allowed defendant to testify regarding the statement. Amato Aff. ¶¶ 8, 9, 11, 14.

The arbitrator's adherence to the UTCR does not constitute misconduct and was not arbitrary or irrational. Further, given that defendant was allowed testify about the statement and to question the plaintiff regarding the statement, defendant fails to show that the arbitrator "refused" to hear pertinent and material evidence or that the exhibit's exclusion caused him prejudice. See Employers Ins. of Wausau v. Nat'l Union Fire Ins. of Pittsburgh, 933 F.2d 1481, 1490 (9th Cir. 1991) (exclusion of evidence must cause prejudice to warrant vacatur).

Likewise, the arbitrator's decisions to permit and then dismiss a translator do not constitute misconduct. Although defendant alleges that plaintiffs obtained a translator through "deception," defendant offers no evidence, except his own unexpert opinion, that plaintiffs were not in need of a translator for the

4 - OPINION AND ORDER

arbitration proceeding. Further, the arbitrator dismissed the translator for the second day of the hearing when defendant announced that he would be the only defense witness, thus negating the need for the translator. Amato Aff. ¶¶ 11, 14. Therefore, I find no misconduct and no basis for vacatur.

## CONCLUSION

Accordingly, plaintiffs' Motion and Amended Motion to Confirm Arbitration Award (docs. 86, 89) are GRANTED, and defendant's Motion to Vacate Arbitration Award (doc. 88) is DENIED. The Amended Arbitration Award issued December 28, 2012 is HEREBY CONFIRMED, and plaintiffs are awarded the following:

| | |
|---|---|
| Ramiro Martinez-Lopez: | $8,600.17 |
| Ernesto Martinez-Ramirez: | $11,429.82 |
| Eutimio Ortiz-Garcia: | $11,251.60 |
| Rafael Ortiz-Garcia: | $20,425.15 |

Plaintiffs are also awarded attorneys fees in the amount of $104,202.40 and costs of $7,807.59 as set forth in the Amended Arbitration Award. The Clerk is directed to issue Judgment accordingly.

IT IS SO ORDERED.

Dated this 13 day of March, 2013.

_____
Ann Aiken
United States District Judge

5 - OPINION AND ORDER